**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **GUIDEONE INSURANCE COMPANY** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Cause No.   2:22-cv-00160-JTM-JEM** |
| | ) | |
| | ) | |
| **IN-PACT INC,** | ) | |
| **Defendant.** | ) | |
| | | |
| **LUCAS STANFORD, SR. and** | ) | |
| **REBECCA STANFORD,** | ) | |
| **Intervenors.** | ) | |

## <u>INTERVENORS' ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT</u>

Come now Intervenor Defendants, Lucas Stanford, Sr. and Rebecca Stanford, individually and as Legal Guardians of L.S., Jr. ("Intervenors") and for their Answer to GuideOne's Complaint for Declaratory Judgment, state as follows:

### *PARTIES*

1.      Plaintiff GuideOne Insurance Company is organized under the laws of the State of Iowa, and authorized to conduct business in Indiana, with its principal place of business at 1111 Ashworth Road, West Des Moines, Iowa, 50265. Under 28 U.S.C. § 1332(c)(1), GuideOne is a citizen of the State of Iowa.

**<u>ANSWER</u>:**  Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of Plaintiff's Complaint.

2.      Defendant In-Pact Inc. is an Indiana Domestic Nonprofit Corporation, operates a group home for individuals with developmental disabilities, and its principal place of business is

at 12300 Marshall Street, Crown Point, Indiana, 46307. Under 28 U.S.C. § 1332(c)(1), In-Pact Inc. is a citizen of the State of Indiana.

**ANSWER***:*  Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of Plaintiff's Complaint.

### *JURISDICTION AND VENUE*

*3.*     GuideOne seeks a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), for the purpose of determining an insurance coverage question of actual controversy between the parties.

**ANSWER:**  Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of Plaintiff's Complaint.

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER:**  Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of Plaintiff's Complaint.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a)(1) and (a)(2) because Defendant In-Pact maintains its principal place of business in Crown Point, Lake County, Indiana, and the events giving rise to this action occurred there.

**ANSWER:**  Intervenors admit that In-Pact maintains its principal place of business in Crown Point, Lake County Indiana and the events leading to Intervenor's claims against In-Pact occurred there but they are without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations of paragraph 5 of Plaintiff's Complaint.

6.      Specifically, GuideOne issued the subject insurance policies and delivered them to In-Pact at its principal place of business in Crown Point, Indiana.

**ANSWER:**  Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of Plaintiff's Complaint.

7.      This matter is ripe for adjudication because there is an actual and justiciable controversy between the parties concerning whether the GuideOne insurance policies provide coverage for two existing third party claims, which allege sexual abuse of two In-Pact client-residents (Client A and Client C) by a third In-Pact client-resident (Client B), at the In-Pact group home in Crown Point, Indiana.

**ANSWER**:   Intervenors admit that there is an actual and justiciable controversy regarding whether the GuideOne insurance policies provide coverage but state that the allegations of their complaint against In-Pact speak for themselves and deny the allegations of paragraph 7 of Plaintiff's Complaint to the extent they are inconsistent with or mischaracterize the underlying allegations.

## *FACTUAL BACKGROUND*

**The GuideOne Policies**

8.      GuideOne issued Commercial General Liability Policy 01-0024-757 to In-Pact for the coverage period November 15, 2020, to November 15, 2021 ("Primary Policy"). (A certified copy of the Primary Policy is attached as Exhibit A).

**ANSWER:**  Intervenors admit that GuideOne issued Commercial Liability Policy 01-0024-757 to In-Pact for the coverage period November 15, 2020, to November 15, 2021 ("Primary Policy") but lack knowledge or information sufficient to form a belief as to whether

the copy of the Primary Policy attached as Exhibit A is a true and complete copy of the Primary Policy.

9.      GuideOne issued a Commercial Umbrella Liability Policy to In-Pact, Policy No. 01- 0024-758, for the coverage period November 15, 2020, to November 15, 2021 ("Umbrella Policy").  (A certified copy of the Umbrella Policy is attached as Exhibit B).

**ANSWER:**  Intervenors admit that GuideOne issued a Commercial Umbrella Liability Policy to In-Pact, Policy No. 01- 0024-758, for the coverage period November 15, 2020, to November 15, 2021 ("Umbrella Policy") but lack knowledge or information sufficient to form a belief as to whether the copy of the Umbrella Policy attached as Exhibit B is a true and complete copy of the Umbrella Policy.

10.     The Primary Policy includes the following Additional Exclusions via the Nonprofit and Human Services General Liability Endorsement:

\* \* \*

### E.  ADDITIONAL EXCLUSIONS

The following exclusions are added to Paragraph **2.** Exclusions under Section **I** - Coverage **A** - Bodily Injury And Property Damage Liability, Paragraph **2.** Exclusions under Section I - Coverage **B** - Personal And Advertising Injury Liability and Paragraph **2.** Exclusions under Coverage **C** - Medical Payments of Section **I** - Coverages:

This insurance does not apply to:

\* \* \*

**5.  Misconduct, Molestation Or Harassment**

Any "bodily injury", "personal and advertising injury", mental or emotional pain or anguish, or any defamation or slander, sustained

by any person arising out of or resulting from any actual or alleged act of "abuse", "sexual misconduct or sexual molestation" or "sexual harassment" of any kind. We have no right or duty to investigate, settle, defend or pay any claim or "suit" asserting any act of "abuse", "sexual misconduct or sexual molestation", "sexual harassment" or any breach of duty contributing to or arising from such act.

* * *

9. **Abuse**

Any claim or "suit" arising out of "abuse". (Exhibit A, at A000237).

**ANSWER:** The Primary Policy speaks for itself and Intervenors deny the allegations of paragraph 10 of Plaintiff's Complaint to the extent they are inconsistent with or mischaracterize the terms and conditions of the Primary Policy.

11. The Primary Policy adds back coverage for sexual misconduct liability (Coverage SL) and sexual misconduct medical payments (Coverage SP), subject to the following terms and conditions:

**COVERAGE SL SEXUAL MISCONDUCT LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as "damages" because of "injury" arising out of or resulting from a "sexual misconduct occurrence" to which Coverage **SL** applies. We will have the right and duty to defend the insured against any "suit" seeking those "damages". However, we will have no duty to defend the insured against any "suit" seeking "damages" to which Coverage **SL** does not apply. We may, at our discretion, investigate any "sexual misconduct occurrence" and settle any claim or "suit" that may result. But:

    (1) The amount we will pay for "damages" is limited as described in Section **III** - Limits Of Insurance - Coverages **SL** and **SP**; and

    (2) Our right and duty to defend ends when we have used up the

5

applicable limit of insurance in the payment of judgments or settlements under Coverage **SL**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverage **SL**.

**b.** This Coverage applies to "injury" only if:

**(1)** The "injury" is caused by a "sexual misconduct occurrence" that takes place in the "coverage territory"; and

**(2)** The first act of a "sexual misconduct occurrence" first commences during the policy period. (Exhibit A, at A000248).

\* \* \*

## SECTION V – DEFINITIONS – COVERAGES SL AND SP

The following words or phrases have a specific and unique meaning to Coverages **SL** and **SP**. The remainder of the **Definitions** section of the Commercial General Liability Coverage Form and any definitions added or modified by endorsement are incorporated by reference. Certain definitions contained elsewhere within the Commercial General Liability Coverage Part may be reproduced for ease of reference in this document. The definitions provided herein will supersede the corresponding definitions contained elsewhere within the Commercial General Liability Coverage Part.

\* \* \*

**4.** "Injury" means "bodily injury", sickness or disease, including death resulting from any of these at any time, mental anguish or emotional distress.

\* \* \*

**6.** "Sexual misconduct occurrence" means a single act, or multiple, continuous, repeated, sporadic or related acts of "sexual misconduct or sexual molestation" by one person, or two or more persons acting together, or any breach of duty causing or contributing to such acts, or any defamation or slander arising out of or resulting from any actual or alleged act of "sexual misconduct or sexual molestation".

In determining our liability under Coverage **SL**, all acts of "sexual misconduct or sexual molestation" by one person, or two or more persons acting together, or any breach of duty causing or contributing to such acts, or any defamation or slander arising out of or resulting from any actual or alleged act of "sexual misconduct or sexual molestation" will be deemed and construed as one "sexual misconduct occurrence" and one claim, regardless of:

   **a.** The number of claims, claimants, persons acted upon, or injured persons;

   **b.** The number of incidents or locations involved;

   **c.** The period of time during which the acts of "sexual misconduct or sexual molestation" took place; or

   **d.** When "damages" are sustained.

   **7.** "Sexual misconduct or sexual molestation" means any activity which is sexual in nature (whether permitted or not permitted); and includes, but is not limited to: sexual assault, sexual battery, sexual relations, sexual acts, sexual activity, sexual handling, sexual massage, sexual exploitation, sexual exhibition, sexual stimulation, fondling, intimacy, exposure of sexual organs, lewd or lascivious behavior or indecent exposure, fornication, unauthorized touching, or the photographic, video or other reproduction of sexual activity.

   However, "sexual misconduct or sexual molestation" does not include "sexual harassment". (Exhibit A, at A000254-255).

**ANSWER:**  The Primary Policy speaks for itself and Intervenors deny the allegations of paragraph 11 of Plaintiff's Complaint to the extent they are inconsistent with or mischaracterize the terms and conditions of the Primary Policy.

   12.   The Umbrella Policy includes the following Additional Exclusions via the Nonprofit and Human Services Liability Umbrella Endorsement:

   **F.  ADDITIONAL EXCLUSIONS**

   The following exclusions are added to Paragraph **2.** Exclusions under Section **I** - Coverage **A** - Bodily Injury And Property Damage Liability and Paragraph **2.** Exclusions under Section I - Coverage **B** - Personal And Advertising Injury Liability:

   This insurance does not apply to:

      * * *

   **5.  Misconduct, Molestation Or Harassment**

   Any "bodily injury", "personal and advertising injury", mental or emotional pain or anguish, or any defamation or slander, sustained by any person arising out of or resulting from any actual or alleged

7

act of "abuse", "sexual misconduct or sexual molestation" or "sexual harassment" of any kind. We have no right or duty to investigate, settle, defend or pay any claim or "suit" asserting any act of "abuse", "sexual misconduct or sexual molestation", "sexual harassment" or any breach of duty contributing to or arising from such act.

\* \* \*

**9.  Abuse**

Any claim or "suit" arising out of "abuse". (Exhibit B, at B000062-63).

**ANSWER:**  The Umbrella Policy speaks for itself and Intervenors deny the allegations of paragraph 12 of Plaintiff's Complaint to the extent they are inconsistent with or mischaracterize the terms and conditions of the Umbrella Policy.

13.     The Umbrella Policy adds back sexual misconduct liability umbrella coverage with the following terms and conditions:

**COVERAGE SL - SEXUAL MISCONDUCT LIABILITY**

**1.  Insuring Agreement**

**a.**  We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "injury" arising out of or resulting from a "sexual misconduct occurrence" to which Coverage **SL** applies. We will have the right and duty to defend the insured against any "suit" seeking those "damages" because of "injury" arising out of or resulting from a "sexual misconduct occurrence" to which Coverage **SL** applies, when the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking "damages" to which Coverage **SL** may apply. However, we will have no duty to defend the insured against any "suit" seeking "damages" to which Coverage **SL** does not apply. At our discretion, we may investigate any "sexual misconduct occurrence" that may involve this insurance and settle any resultant claim or "suit", for which we have the duty to defend. But:

**(1)** The amount we will pay for "the ultimate net loss" is limited as described in Section **III** - Limits Of Insurance - Coverage **SL**; and

8

    **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under the Commercial Liability Umbrella Coverage part.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverage **SL**.

**c.** Coverage **SL** applies to "injury" only if:

    **(1)** The "injury" is caused by a "sexual misconduct occurrence" that takes place in the "coverage territory"; and

    **(2)** The first act of a "sexual misconduct occurrence" first commences during the policy period. (Exhibit B, at B000069-70).

## SECTION V – DEFINITIONS – COVERAGE SL

The following words or phrases have a specific and unique meaning to Coverage **SL**. The remainder of the **Definitions** section of the Commercial General Liability Umbrella Coverage Part and any definitions added or modified by endorsement are incorporated by reference. The definitions provided herein will supersede the corresponding definitions contained elsewhere within the Commercial Liability Umbrella Coverage Part.

\* \* \*

**4.** "Injury" means "bodily injury", sickness or disease, including death resulting from any of these at any time, mental anguish or emotional distress.

\* \* \*

**7.** "Sexual misconduct occurrence" means a single act, or multiple, continuous, repeated, sporadic or related acts of "sexual misconduct or sexual molestation" by one person, or two or more persons acting together, or any breach of duty causing or contributing to such acts, or any defamation or slander arising out of or resulting from any actual or alleged act of "sexual misconduct or sexual molestation".

In determining our liability under Coverage **SL**, all acts of "sexual misconduct or sexual molestation" by one person, or two or more persons acting together, or any breach of duty causing or contributing to such acts, or any defamation or slander arising out of or resulting from any actual or alleged act of "sexual misconduct or sexual molestation" will be deemed and construed as one "sexual misconduct occurrence" and one claim, regardless of:

9

    a)  The number of claims, claimants, persons acted upon, or injured persons;

    b)  The number of incidents or locations involved;

    c)  The period of time during which the acts of "sexual misconduct or sexual molestation" took place; or

    d)  When "damages" are sustained.

**8.** "Sexual misconduct or sexual molestation" means any activity which is sexual in nature (whether permitted or not permitted); and includes, but is not limited to: sexual assault, sexual battery, sexual relations, sexual acts, sexual activity, sexual handling, sexual massage, sexual exploitation, sexual exhibition, sexual stimulation, fondling, intimacy, exposure of sexual organs, lewd or lascivious behavior or indecent exposure, fornication, unauthorized touching, or the photographic, video or other reproduction of sexual activity.

However, "sexual misconduct or sexual molestation" does not include "sexual harassment". (Exhibit B, at B000075-76).

**ANSWER:**  The Umbrella Policy speaks for itself and Intervenors deny the allegations of paragraph 13 of Plaintiff's Complaint to the extent they are inconsistent with or mischaracterize the terms and conditions of the Umbrella Policy.

**The Sexual Misconduct Claims**

14.     On or about July 14, 2020, In-Pact client-resident B and In-Pact client-resident C ("Client B" and "Client C") were both individuals with disabilities or impairments, residing at the In-Pact group home in Crown Point, Indiana.

**ANSWER:**  Intervenors admit that L.S. Jr. was a non-verbal highly autistic male who was a resident of In-Pact  and that Zach Campbell was a resident of the In-Pact group home in Crown Point Indiana on July 14, 2020 but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 of Plaintiff's Complaint.

15.     On or about July 14, 2020, Client B sexually assaulted Client C, touching Client C's buttocks inside Client C's diaper.

**ANSWER:**  Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of Plaintiff's Complaint.

16.     On or about September 10, 2020, Client B again sexually assaulted Client C, touching or fondling Client B's genitalia.

**ANSWER:**  Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of Plaintiff's Complaint.

17.     Sometime in or about 2021, Client B sexually assaulted Client C for a third time.

**ANSWER:**  Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of Plaintiff's Complaint.

18.     Client C has presented a claim for Client C's injuries and damages from the sexual abuse by Client B at In-Pact, and Client C alleges contributing negligence of In-Pact and its employees, agents, or representatives.

**ANSWER:**  Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of Plaintiff's Complaint.

19.     In-Pact seeks coverage for Client C's claim under the GuideOne Policies.

**ANSWER:**  Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of Plaintiff's Complaint.

20.     GuideOne denied coverage for Client C's claim against In-Pact. (A true and accurate copy of the denial letter is attached as Exhibit C, with personal identifying information redacted).

**ANSWER:**  Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of Plaintiff's Complaint.

21.     On or about September 11, 2021, In-Pact client-resident B and In-Pact client-resident A ("Client B" and "Client A") were both individuals with disabilities or impairments, residing at the In-Pact group home in Crown Point, Indiana.

**ANSWER:**  Intervenors admit that L.S. Jr. was a non-verbal highly autistic male who was a resident of In-Pact on September 11, 2021 and that Zach Campbell was also a resident of the In-Pact group home in Crown Point Indiana at that time but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 of Plaintiff's Complaint.

22.     On or about September 11, 2021, Client B sexually assaulted Client A, causing physical and emotional injury, and requiring emergency medical treatment.

**ANSWER:**  Intervenors admit that L.S. Jr. was allowed to be out of the line of sight of In-Pact staff members on September 11, 2021 and that Zach Campbell physically and/or sexually assaulted him and that L.S. Jr. suffered physical and emotional injuries requiring emergency medical treatment but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22 of Plaintiff's Complaint.

23.     Client A and Client A's parents have submitted a claim for their injuries and damages arising from the September 11, 2021, sexual assault by Client B at In-Pact, and the allege contributing negligence of In-Pact and its employees, agents, or representatives.

**ANSWER:**  Intervenors admit that they have filed a Complaint in the Lake County Superior Court Cause Number 45D01-2206-CT-000599 ("Intervenors' Complaint") against In-Pact and state that the Complaint speaks for itself and deny the allegations of paragraph 23 of Plaintiff's Complaint to the extent they are inconsistent with or mischaracterize the allegations of Intervenors' Complaint.

24.     In part, Client A alleges that In-Pact caused or contributed to the injuries and damages by failing to relocate Client B in 2020, or take other action to prevent further sexual misconduct by Client B, after Client B sexually assaulted In-Pact client-resident C on two or more occasions.

**ANSWER:**  Intervenors' Complaint speaks for itself and Intervenors deny the allegations of paragraph 24 of Plaintiff's Complaint to the extent they are inconsistent with or mischaracterize the allegations of Intervenors' Complaint.

25.     In-Pact seeks coverage under the GuideOne Policies for Client A's claims.

**ANSWER:** Intervenors admit the allegations of paragraph 25 of Plaintiff's Complaint.

26.     GuideOne denied coverage for Client A and Client A's parents' claims against In-Pact. (A true and accurate copy of the denial letter is attached as Exhibit D, with personal identifying information redacted).

**ANSWER**: Intervenors admit the allegations of paragraph 26 of Plaintiff's Complaint.

*COUNT I—DECLARATORY JUDGMENT*

**No Duty to Defend or Indemnify Under the CGL Coverage Form of the Primary Policy**

27.     The Commercial General Liability Primary Policy contains a clear and unambiguous exclusion of CGL coverage for "[a]ny 'bodily injury' [or] and mental or emotional pain or anguish . . . that is sustained by any person arising out of or resulting from any actual or alleged act of 'abuse' [or] 'sexual misconduct or sexual molestation' . . . of any kind." (Exhibit A, at A000237).

**ANSWER**: Intervenors deny the allegations of paragraph 27 of Plaintiff's Complaint.

28.     Based on this exclusion, there is no CGL Coverage for the sexual misconduct claims against In-Pact under the Primary Policy.

**ANSWER:**  Intervenors deny the allegations of paragraph 28 of Plaintiff's Complaint.

29.      Because there is no CGL Coverage for the claims of In-Pact Client A or In-Pact Client C, GuideOne has no duty to defend or indemnify In-Pact under the CGL Primary Policy.

**ANSWER**: Intervenors deny the allegations of paragraph 29 of Plaintiff's Complaint.

*COUNT II—DECLARATORY JUDGMENT*

**No Duty to Defend or Indemnify Under the SML Coverage Form of the Primary Policy**

30.     The Primary Policy grants back coverage for "a sexual misconduct occurrence", subject to certain terms, conditions, limitations and exclusions, through the Sexual Misconduct Liability (SML) Coverage Form.

**ANSWER**: The Primary policy speaks for itself and Intervenors deny the allegations of paragraph 30 of Plaintiff's Complaint to the extent they are inconsistent with or mischaracterize the terms and conditions of the Primary Policy.

14

31.    The SML Coverage only applies when the following conditions are met:

    (1) An insured;
    (2) Is legally obligated to pay "damages";
    (3) Because of "injury";
    (4) Arising out of or resulting from a "sexual misconduct occurrence";
    (5) The "injury" takes place in the "coverage" territory;
    (6) **The first act of "sexual misconduct occurrence" first commences during the policy period**; and
    (7) No exclusions apply to bar coverage. (Exhibit A, at A000248, emphasis added).

**ANSWER:**  Intervenors deny the allegations of paragraph 31 of Plaintiff's Complaint.


32.    Client B's first act of the sexual misconduct occurrence took place at In-Pact in July of 2020, and Client B's second act of the sexual misconduct occurrence took place at In-Pact in September of 2020.

**ANSWER**: Intervenors deny the allegations of paragraph 32 of Plaintiff's Complaint.

33.    The GuideOne Policy period commenced on November 15, 2020.

**ANSWER:**    The Policy speaks for itself and Intervenors deny the allegations of paragraph 33 of Plaintiff's Complaint to the extent they are inconsistent with or mischaracterize the terms and conditions of the Policy.

34.    The SML Coverage only applies if: "The first act of a 'sexual misconduct occurrence' first commences during the policy period." (Exhibit A, at A000248).

**ANSWER**: Intervenors deny the allegations of paragraph 34 of Plaintiff's Complaint.


35.    The SML Coverage Form defines "sexual misconduct occurrence" to mean:

[A] single act, or multiple, continuous, repeated, sporadic or related acts of "sexual misconduct or sexual molestation" by one person, or two or more persons acting together, or any breach of duty causing or contributing to such acts, or any defamation or slander arising out of or resulting from any actual or alleged act of "sexual misconduct or sexual molestation".

In determining our liability under Coverage SL, **all acts of "sexual misconduct or sexual molestation" by one person**, or two or more persons acting together, or any breach of duty causing or contributing to such acts, or any defamation or slander arising out of or resulting from any actual or alleged act of "sexual misconduct or sexual molestation" **will be deemed and construed as one "sexual misconduct occurrence" and one claim, regardless of:**

    a) **The number of claims, claimants, persons acted upon**, or injured persons;
    b) The **number of incidents** or locations involved;
    c) The **period of time** during which the acts of "sexual misconduct or sexual molestation" took place;
    d) When "damages" are sustained. (Exhibit A, at A000255, emphasis added).

**ANSWER**: Intervenors deny the allegations of paragraph 35 of Plaintiff's Complaint.

36.    Because the first act of the sexual misconduct occurrence perpetrated by Client B first commenced prior to the GuideOne Primary Policy period, there is no coverage for any act of sexual misconduct perpetrated by Client B under the SML Coverage Form of the Primary Policy.

**ANSWER**: Intervenors deny the allegations of paragraph 36 of Plaintiff's Complaint.

37.    GuideOne has no duty to defend or indemnify In-Pact for the claims of Client A under the SML Coverage Form of the Primary Policy.

**ANSWER**: Intervenors deny that GuideOne has no duty to defend or indemnify In-Pact for the claims and allegations in Intervenors' Complaint under the Primary Policy.

38.    GuideOne has no duty to defend or indemnify In-Pact for the claims of Client C under the SML Coverage Form of the Primary Policy.

**ANSWER**: Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of Plaintiff's Complaint.

### *COUNT III DECLARATORY JUDGMENT*

**No Duty to Defend or Indemnify Under the Umbrella Policy**

39.    As relates to sexual misconduct coverage, the terms of the GuideOne Umbrella

Policy are substantively the same as the GuideOne Primary Policy.

**ANSWER**: The Policies speak for themselves and Intervenors deny the allegations of paragraph 39 of Plaintiff's Complaint to the extent they are inconsistent with or mischaracterize the terms and conditions of the Policies.

40.     The GuideOne Umbrella Policy excludes Commercial Liability Umbrella Coverage for "any 'bodily injury', 'personal and advertising injury', mental or emotional pain or anguish, or any defamation or slander, sustained by any person arising out of or resulting from any actual or alleged act of 'abuse', 'sexual misconduct or sexual molestation' or 'sexual harassment' of any kind." (Exhibit B, Exclusion 5, Misconduct, Molestation or Harassment, at B000063).

**ANSWER**:  The Umbrella Policy speaks for itself and Intervenors deny the allegations of paragraph 40 of Plaintiff's Complaint to the extent they are inconsistent with or mischaracterize the terms and conditions of the Umbrella Policy.


41.     Therefore, GuideOne has no duty to defend or indemnify In-Pact for the claims of Client A under the Commercial Liability Coverage of the Umbrella Policy.

**ANSWER**:  Intervenors deny that GuideOne has no duty to defend or indemnify In-Pact for the claims and allegations in Intervenors' Complaint under the Umbrella Policy.


42.     In addition, GuideOne has no duty to defend or indemnify In-Pact for the claims of Client C under the Commercial Liability Coverage of the Umbrella Policy.

**ANSWER**:  Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of Plaintiff's Complaint.

*COUNT IV DECLARATORY JUDGMENT*

**No Duty to Defend or Indemnify Under the SMLU Coverage Part of the Umbrella Policy**

43.     The Umbrella Policy grants back coverage for "a sexual misconduct occurrence", subject to certain terms, conditions, limitations and exclusions, through the Sexual Misconduct Liability Umbrella (SMLU) Coverage Part. (Exhibit B, at B000069).

**ANSWER**:   The Policy speaks for itself and Intervenors deny the allegations of paragraph 43 of Plaintiff's Complaint to the extent they are inconsistent with or mischaracterize the terms and conditions of the Policy.

44.     The SMLU Coverage only applies when the following conditions are met:

(1) An insured;
(2) Is legally obligated to pay "damages";
(3) Because of "injury";
(4) Arising out of or resulting from a "sexual misconduct occurrence";
(5) The "injury" takes place in the "coverage" territory;
(6) **The first act of "sexual misconduct occurrence" first commences during the policy period**; and
(7) No exclusions apply to bar coverage. (Exhibit B, at B000069-70).

**ANSWER**: The Policy speaks for itself and Intervenors deny the allegations of paragraph 44 of Plaintiff's Complaint to the extent they are inconsistent with or mischaracterize the terms and conditions of the Policy.

45.     Client B's first act of the sexual misconduct occurrence took place at In-Pact in July of 2020, and Client B's second act of the sexual misconduct occurrence took place at In-Pact in September of 2020.

**ANSWER**: Intervenors deny the allegations of paragraph 45 of Plaintiff's Complaint.

46.     The GuideOne Policy period commenced on November 15, 2020.

**ANSWER**:   The Policy speaks for itself and Intervenors deny the allegations of paragraph 46 of Plaintiff's Complaint to the extent they are inconsistent with or mischaracterize the terms and conditions of the Policy.

47.     The SMLU Coverage only applies if: "The first act of a 'sexual misconduct occurrence' first commences during the policy period." (Exhibit B, at B000070).

**ANSWER**: The Policy speaks for itself and Intervenors deny the allegations of paragraph 47 of Plaintiff's Complaint to the extent they are inconsistent with or mischaracterize the terms and conditions of the Policy.

48.     The SMLU Coverage Form defines "sexual misconduct occurrence" to mean:

[A] single act, or multiple, continuous, repeated, sporadic or related acts of "sexual misconduct or sexual molestation" by one person, or two or more persons acting together, or any breach of duty causing or contributing to such acts, or any defamation or slander arising out of or resulting from any actual or alleged act of "sexual misconduct or sexual molestation".

In determining our liability under Coverage SL, **all acts of "sexual misconduct or sexual molestation" by one person**, or two or more persons acting together, or any breach of duty causing or contributing to such acts, or any defamation or slander arising out of or resulting from any actual or alleged act of "sexual misconduct or sexual molestation" **will be deemed and construed as one "sexual misconduct occurrence" and one claim, regardless of:**

    a.  **The number of claims, claimants, persons acted upon**, or injured persons;
    b.  The **number of incidents** or locations involved;
    c.  The **period of time** during which the acts of "sexual misconduct or sexual molestation" took place;
    d.  When "damages" are sustained. (Exhibit B, at B000075-76, emphasis added).

**ANSWER**:   The Policy speaks for itself and Intervenors deny the allegations of paragraph 48 of Plaintiff's Complaint to the extent they are inconsistent with or mischaracterize the terms and conditions of the Policy.

49.     Because the first act of the sexual misconduct occurrence perpetrated by Client B commenced prior to the GuideOne Policy period, there is no coverage for "any acts of sexual misconduct or sexual molestation" by Client B under the SMLU Coverage Part of the Umbrella Policy.

**ANSWER**:  Intervenors deny the allegations of paragraph 49 of Plaintiff's Complaint.

50.     Therefore, GuideOne has no duty to defend or indemnify In-Pact for the claims of Client A under the SMLU Coverage Part of the Umbrella Policy.

**ANSWER**:  Intervenors deny that GuideOne has no duty to defend or indemnify In-Pact for the claims and allegations in Intervenors' Complaint under the Umbrella Policy.

51.     For the same reasons, GuideOne has no duty to defend or indemnify In-Pact for the claims of Client C under the SMLU Coverage Part of the Umbrella Policy.

**ANSWER**:  Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of Plaintiff's Complaint.


WHEREFORE, Intervenor Defendants, Lucas Stanford, Sr. and Rebecca Stanford, individually and as Legal Guardians of L.S., Jr., pray that Plaintiff takes nothing by way of its Complaint for Declaratory Judgment in this action and that that a declaration be entered in their favor declaring that:

A.     GuideOne has a duty to defend and indemnify In-Pact with respect to the Intervenors' claims against In-Pact under the Primary Policy;

B.     GuideOne has a duty to defend and indemnify In-Pact with respect to the Intervenors' claims against In-Pact under the Umbrella Policy;

C.     Any other relief that this Court deems just and appropriate.

## ADDITIONAL DEFENSES

Intervenor Defendants, Lucas Stanford, Sr. and Rebecca Stanford, individually and as Legal Guardians of L.S., Jr. ("Intervenors") have undertaken in good faith to list all of the special or additional defenses that they may have with respect to causes of action or claims presented in Plaintiff's Complaint for Declaratory Judgment ("Plaintiff's Complaint"). Intervenors specifically reserve the right, however, to amend, supplement, restate and/or withdraw any of their special or additional defenses or to assert additional defenses based upon: (i) Plaintiff's failure to sufficiently particularize its causes of action or claims; and (ii) Intervenors' continuing analysis and investigation of the underlying matters, as well as the allegations stated in Plaintiff's Complaint. Furthermore, by characterizing the following as defenses, Intervenors do not admit that they bear the burden of proof on any of the issues raised by the following defenses.

Subject to and without waiving any of the foregoing, Intervenors identify the following special and/or additional defenses upon which it may rely at the time of trial:

1.      GuideOne has waived or is estopped from denying coverage by, among other things, relying on policy provisions that were amended by the Abuse Liability Coverage Endorsement and failing to recognize the abuse coverage provided by that endorsement.

2.      GuideOne's policy as interpreted by GuideOne provides illusory coverage which is against public policy.

WHEREFORE, Intervenor Defendants, Lucas Stanford, Sr. and Rebecca Stanford, individually and as Legal Guardians of L.S., Jr. pray that Plaintiff takes nothing by way of its Complaint for Declaratory Judgment in this action, and that a declaration be entered and in their favor declaring that:

D.      GuideOne has a duty to defend and indemnify In-Pact with respect to the Intervenors' claims against In-Pact under the Primary Policy;

E.      GuideOne has a duty to defend and indemnify In-Pact with respect to the Intervenors' claims against In-Pact under the Umbrella Policy;

F.      Any other relief that this Court deems just and appropriate.

Respectfully submitted,

*/s/ Jeffrey S. Gibson*
Jeffrey S. Gibson, Esq. # 22362-49
WAGNER REESE, LLP
11939 North Meridian Street, Suite 100
Carmel, IN  46032
Tel: (317) 569-0000/Fax: (317) 569-8088
Email:  jgibson@wagnerreese.com
*Counsel for Intervenors*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with the Court's ECF system on this 6th day of September, 2022.  Notice of this filing will be sent automatically by operation of the Court's system to all counsel of record.

John E. Hughes
**Hoeppner Wagner & Evans LLP**
jhughes@hwelaw.com
*Counsel for Defendant*

Emily Edmundson
Vice President, Chief Claims Litigation Counsel
eedmundson@guideone.law

*/s/ Jeffrey S. Gibson*
Jeffrey S. Gibson, Esq. # 22362-49
WAGNER REESE, LLP
11939 North Meridian Street, Suite 100
Carmel, IN  46032
Tel: (317) 569-0000/Fax: (317) 569-8088
Email:  jgibson@wagnerreese.com
*Counsel for Intervenors*

23